UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

SARA BETH ANTRICAN, )
 )
    Plaintiff, )
 )
v. ) 3:12-CV-607
 ) (VARLAN/GUYTON)
CAROLYN W. COLVIN, )
Commissioner of Social Security, )
 )
    Defendant. )

**REPORT AND RECOMMENDATION**

This matter was referred to the undersigned pursuant to 28 U.S.C. § 636(b), Rule 72(b) of the Federal Rules of Civil Procedure, and the Rules of this Court for a report and recommendation regarding the disposition by the District Court of the plaintiff's Motion For Summary Judgment [Doc. 9], and the defendant's Motion For Summary Judgment. [Doc. 11]. Plaintiff Sara Beth Antrican ("Antrican") seeks judicial review of the decision of the Administrative Law Judge ("ALJ"), the final decision of the defendant Commissioner.

**BACKGROUND**

Plaintiff was 27 years of age when the ALJ issued his decision in this case in April, 2012 (Tr. 27, 29). She has very limited work experience as a cashier (in 2006) and as a cook (in 2008) (Tr. 178). These did not amount to a period of substantial gainful activity (Tr. 54).

The Court has considered the medical evidence in the record, the testimony at the hearing, and all other evidence in the record. The parties have filed Memoranda [Docs. 10, 12].

The medical history of the Plaintiff and the content of the ALJ's Decision are not in dispute, and need not be repeated here.

## STANDARD OF REVIEW

When reviewing the Commissioner's determination of whether an individual is disabled pursuant to 42 U.S.C. § 405(g), the Court is limited to determining "whether the ALJ applied the correct legal standards and whether the findings of the ALJ are supported by substantial evidence." Blakley v. Comm'r of Soc. Sec., 581 F.3d 399, 405 (6th Cir. 2009) (citing Key v. Callahan, 109 F.3d 270, 273 (6th Cir. 1997)). If the ALJ applied the correct legal standards and the ALJ's findings are supported by substantial evidence in the record, the decision is conclusive and must be affirmed. Warner v. Comm'r of Soc. Sec., 375 F.3d 387, 390 (6th Cir. 2004); 42 U.S.C. § 405(g). Substantial evidence is "more than a scintilla of evidence but less than a preponderance; it is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Rogers v. Comm'r of Soc. Sec., 486 F.3d 234, 241 (6th Cir. 2007) (quotation omitted); see also Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Consol. Edison v. NLRB, 305 U.S. 197, 229 (1938)).

It is immaterial whether the record may also possess substantial evidence to support a different conclusion from that reached by the ALJ, or whether the reviewing judge may have decided the case differently. Crisp v. Sec'y of Health & Human Servs., 790 F.2d 450, 453 n.4 (6th Cir. 1986). The substantial evidence standard is intended to create a "zone of choice' within which the Commissioner can act, without the fear of court interference." Buxton v. Halter, 246 F.3d 762, 773 (6th Cir. 2001) (quoting Mullen v. Bowen, 800 F.2d 535, 545 (6th Cir. 1986)).

Therefore, the Court will not "try the case de novo, nor resolve conflicts in the evidence, nor decide questions of credibility." Walters, 127 F.3d at 528.

In addition to reviewing the ALJ's findings to determine whether they were supported by substantial evidence, the Court also reviews the ALJ's decision to determine whether it was reached through application of the correct legal standards and in accordance with the procedure mandated by the regulations and rulings promulgated by the Commissioner. See Wilson v. Comm'r of Soc. Sec., 378 F.3d 541, 544 (6th Cir. 2004). The Court may, however, decline to reverse and remand the Commissioner's determination if it finds that the ALJ's procedural errors were harmless.

An ALJ's violation of the Social Security Administration's procedural rules is harmless and will not result in reversible error "absent a showing that the claimant has been prejudiced on the merits or deprived of substantial rights because of the [ALJ]'s procedural lapses." Wilson, 378 F.3d at 546-47. Thus, an ALJ's procedural error is harmless if the ultimate decision was supported by substantial evidence and the error did not deprive the claimant of an important benefit or safeguard. See id. at 547.

On review, Plaintiff bears the burden of proving entitlement to benefits. Boyes v. Sec'y. of Health & Human Servs., 46 F.3d 510, 512 (6th Cir. 1994) (citing Halsey v. Richardson, 441 F.2d 1230 (6th Cir. 1971)).

**POSITIONS OF THE PARTIES**

Antrican alleges that she has been disabled since October, 2010, due to knee and ankle pain, problems with sleeping and staying awake, fibromyalgia, bi-polar disorder, and stress

disorders (Tr. 45-49). In support of her claim, she primarily relies on the opinions of Candice Blake, Psy.D., ("Dr. Blake"). Dr. Blake, a consultative examiner, performed a mental evaluation of Antrican in February, 2011 (Tr. 393-396). Dr. Blake opined that Antrican's "social interaction is extremely limited," and her "overall adaptation is markedly limited." Dr. Blake found that Antrican had only mildly limited understanding, memory, concentration and persistence (Tr. 395).

The Commissioner's position is that the ALJ reviewed the assessment prepared by Dr. Blake and properly gave little weight to Dr. Blake's opinions on extreme or marked limitations. The Commissioner argues that all other complaints about the ALJ's Decision are not well-taken, and that the Decision is supported by substantial evidence.

## **ANALYSIS AND BASIS FOR RECOMMENDATION**

For the reasons that follow, the Court recommends that summary judgment in favor of the Commissioner is appropriate in this case. The Court finds that the ALJ properly reviewed and evaluated the medical evidence, giving good explanations for the weight afforded to the medical opinions of record.

Dr. Blake is not a treating physician. Opinions from nontreating and nonexamining sources are never assessed for "controlling weight." Gayheart v. Comm'r of Soc. Sec., 710 F.3d 365, 376 (6th Cir. 2013). These are instead weighed "based on the examining relationship (or lack thereof), specialization, consistency, and supportability, but only if a treating-source opinion is not deemed controlling." Id. (citing 20 C.F.R. § 404.1527(c)).

4

With regard to Dr. Blake, a consultative examiner, the Court finds that the ALJ properly weighed this opinion (Tr. 26). The ALJ found that Dr. Blake's opinion of extreme limitations was entitled to little evidentiary weight, "because the psychologist bases them on subjective complaints of the claimant who, as she found, is a poor historian. The ALJ finds the claimant has received professional mental health treatment for her alleged mental impairments that are for the most part, situational due to financial constraints and lack of employment, and no more than moderate in severity" (Tr. 26). Unlike treating sources, an opinion from a one-time examiner does not receive special deference or weight. 20 C.F.R. § 404.1527(c)(2).

In making the mental RFC determination, the Court finds that the ALJ properly evaluated the medical evidence of record and found that Antrican could perform medium work, with certain postural limitations (Tr. 24-27).

Antrican underwent a consultative examination by Dr. Blake on February 2, 2911 (Tr. 393-96). Dr. Blake noted Plaintiff was somewhat of a poor historian and had difficulty describing her symptoms (Tr. 393). Dr. Blake's assessment extensively references Antrican's own description of her symptoms and diagnoses (Tr. 26, 394). Plaintiff reported having "lots of highs and lows" and having racing thoughts and trouble sleeping (Tr. 394). Plaintiff stated that she had been diagnosed as bipolar but she "was very slow to describe appropriate symptoms" and noted "that she simply gets nervous all the time" (Tr. 394). Plaintiff reported feeling suicidal two days before Dr. Blake's examination and described pervious suicide attempts (Tr. 394). Plaintiff told Dr. Blake that she quit her last job because "it was too stressful with too many people wanting too many things" (Tr. 395). Dr. Blake assessed Antrican as having mild limitations in understanding, memory, concentration, and persistence (Tr. 395). According to

5

Dr. Blake, Plaintiff has an extreme limitation in social interaction and a marked limitation in overall adaptation (Tr. 26, 395).

The ALJ discounted Dr. Blake's opinions because they were based on Antrican's subjective complaints (Tr. 26). The ALJ noted that Plaintiff was a poor historian, previously received mental health treatment, and had largely situational problems relating to her lack of employment and financial constraints (Tr. 26). The ALJ concluded that Plaintiff's mental health problems were no more than moderately severe (Tr. 26).

The weight afforded a doctor's opinion on the issue(s) of the nature and severity of a claimant's impairments depends upon the examining relationship or treating relationship the doctor may have had with the claimant, the evidence the doctor presents to support her opinion, how consistent the doctor's opinion is with the record as a whole, the doctor's specialty, and other factors. See 20 C.F.R. §§ 404.1527©; 416.927©. An examining doctor's opinion is not entitled to any special deference or consideration. Baker v. Sec'y of Health and Human Servs., 40 F.3d 789, 795 (6th Cir. 1994). Statements from doctors about what a claimant can do are relevant evidence but they are not determinative, as the ALJ has the responsibility of assessing a claimant's RFC.

The ALJ properly discounted Dr. Blake's opinion that Plaintiff was extremely limited in social interaction and markedly limited in overall adaptation (Tr. 26, 395). Dr. Blake's assessment appears based almost entirely on Plaintiff's own description of her symptoms (Tr. 26). The conclusion section of Dr. Blake's assessment references only problems reported by Plaintiff and does not note any additional source of information (Tr. 395). Dr. Blake did not perform any psychological testing (Tr. 395). There is no indication that Dr. Blake reviewed

6

Plaintiff's mental health treatment records (Tr. 393-96). An ALJ can discount a doctor's opinion which is based largely on the claimant's subjective description of her own symptoms if the ALJ finds the claimant less than fully credible, and such a finding is supported by substantial evidence. Smith v. Comm'r of Soc. Sec., 482 F. 3d 873, 877 (6th Cir. 2007).

Moreover, the Court agrees with the Defendant that the Plaintiff's mental health treatment records indicate Plaintiff's mental condition was not as limiting as Dr. Blake opined. The record reflects the Plaintiff's bipolar diagnosis and long history of mental health treatment (Tr. 281-87, 334-63, 421-93, 515-617). Plaintiff reported to her therapists experiencing stress due to financial, housing, transportation, and relationship problems (Tr. 338-39, 422, 443-44, 462, 516). Plaintiff, however, was not compliant with prescribed medications (Tr. 340, 345, 346-47, 361, 530, 540, 551). In November 2010, one month after Plaintiff's alleged disability onset date, she was assessed as having moderate difficulties in the assessed functional areas, consistent with the ALJ's conclusion that Plaintiff's mental impairments are not more than moderately severe (Tr. 26, 356-57). Plaintiff's therapist diagnosed moderate problems with interpersonal functioning and the ability to adapt to change (Tr. 356-57), which is contrary to Dr. Blake's assessment of an extreme limitation in social interaction and a marked limitation in the ability to adapt (Tr. 395). In April 2011, Plaintiff was noted to have a pleasant mood, rational thoughts, good insight and judgment, and unimpaired memory and concentration (Tr. 423). At that time, Plaintiff was compliant with her medication (Tr. 425). An April 2011 functional assessment identifies Plaintiff as having mild difficulties with interpersonal functioning, moderate difficulties with activities of daily living and concentration, and marked difficulties with adaptation/change (Tr. 430). The assessment that Plaintiff had marked difficulties with

adaptation/change appears to be based on Plaintiff's problems coping with stressful situations and her report that she "gives up and does not finish what she is working on" (Tr. 430). At that time, Plaintiff stated that she wanted to "get on disability and it will relieve some of her stress" (Tr. 430).

When Plaintiff stopped taking her medication, she was described as anxious and depressed with poor concentration and was encouraged to take her medication as prescribed (Tr. 340-41, 345). In August 2010, two months before Plaintiff's alleged disability onset date, Plaintiff reported that without medication she did not deal well with stress (Tr. 348). Even without medication, Plaintiff was noted to be pleasant, calm, and cooperative with focused thoughts, appropriate mood and affect, and no overt psychosis (Tr. 346). Plaintiff reported being able to complete activities of daily living and enjoying watching television (Tr. 339). Plaintiff told Dr. Blake that she spends her time watching television, coloring, or listening to music (Tr. 395). Plaintiff reported that she goes grocery shopping and prepares simple meals (Tr. 395). Plaintiff expressed a desire to be independent and have her own housing (Tr. 429, 443, 552).

Dr. Blake examined Plaintiff once and had no treating relationship with her (Tr. 393-96). Dr. Blake does not appear to have reviewed Plaintiff's treatment records and presented no evidence to support her assessment beyond Plaintiff's own description of her symptoms (Tr. 393-96). The Court agrees with the ALJ that Dr. Blake's assessment is not consistent with the record as a whole, including Plaintiff's mental health treatment records and reported activities (Tr. 339, 356-57, 423). The ALJ's decision to give Dr. Blake's opinion little weight is supported by substantial evidence.

### The ALJ properly concluded Plaintiff did not meet the requirements of Listing 12.04 and otherwise was not disabled.

Plaintiff also asserts that her impairments met or equaled section 12.04 of the Listing of Impairments (Listing 12.04). The Listing of Impairments describes conditions that are so severe as to prevent a person from performing any gainful activity. When a claimant alleges that her impairments meet or equal a listed impairment, she must present specific medical findings that satisfy all of the criteria of the particular listing. The Court finds that the Plaintiff failed to prove that her impairments met or equaled Listing 12.04 (affective disorders).

The ALJ considered the requirements of paragraphs B and C in considerable detail before concluding that Plaintiff did not satisfy the requirements of Listing 12.04 (Tr. 23-24). Antrican argues in her brief that she meets all elements of Listing 12.04, but she does not discuss the criteria set forth in paragraphs A and B or C. Nor does she identify any evidence in the record establishing that she meets or equals the applicable criteria. The burden is on Plaintiff to demonstrate that her impairment medically meets or equals a listed impairment, and Plaintiff has failed to meet this burden. See Foster, 279 F.3d at 354; Hollon o/b/o Hollon v. Comm'r of Soc. Sec., 447 F.3d 477, 490-91 (6th Cir. 2006) (declining to formulate arguments on a plaintiff's behalf or to undertake an open-ended review of the entirety of the administrative record). Substantial evidence supports the ALJ's finding that Plaintiff's impairment did not meet Listing 12.04 (Tr. 23-24).

### The ALJ did not rely on unsigned assessments.

Finally, Antrican argues that the ALJ erred by relying on unsigned "consultative examiner" assessments. During her administrative hearing before the ALJ, Antrican objected to

two unsigned RFC assessments (Tr. 38). The Commissioner points out that these two assessments were not consultative examinations subject to the signature requirements of 20 C.F.R. §§ 404.1519n(e), 416.919n(e) but were assessments completed by two non-examining physicians. One is an unsigned assessment from an unidentified state agency medical consultant dated January 4, 2011 (Tr. 369-377). The other is an unsigned mental RFC assessment form completed by an unidentified state agency psychological consultant dated February 9, 2011 (Tr. 398-400). The ALJ considered Antrican's argument and stated that the unsigned exhibits were "not competent exhibits in that regard and I should not give them any weight" (Tr. 40). In the hearing Decision, the ALJ again noted that they were unsigned RFC assessments and gave them no weight (Tr. 27). Accordingly, the Court finds this assignment of error to be without merit.

It is **RECOMMENDED** (1) that the Plaintiff's Motion For Summary Judgment [Doc. 9] be **DENIED**; and (2) that the Defendant's Motion For Summary Judgment [Doc. 11] be **GRANTED**.[1]

Respectfully submitted,

s/ H. Bruce Guyton
United States Magistrate Judge

---

[1] Any objections to this Report and Recommendation must be served and filed within fourteen (14) days after service of a copy of this recommended disposition on the objecting party. Such objections must conform to the requirements of Rule 72(b), Federal Rules of Civil Procedure. Failure to file objections within the time specified waives the right to appeal the District Court's order. Thomas v. Arn, 474 U.S. 140, 106 S. Ct. 466 (1985). The district court need not provide de novo review where objections to this report and recommendation are frivolous, conclusive or general. Mira v. Marshall, 806 F.2d 636 (6th Cir. 1986). Only specific objections are reserved for appellate review. Smith v. Detroit Federation of Teachers, 829 F.2d 1370 (6th Cir. 1987).